# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 4385 | DATE | 2/16/2002 |
| CASE TITLE | Paschal vs. USA | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached memorandum opinion and order, the Court grants defendant's motion to dismiss (13-1) and denies plaintiff's motion for leave to amend (15-1). Judgment is entered dismissing the case for lack of subject matter jurisdiction.

(11) ■ [For further detail see order attached to the original minute order.]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LEO PASCHAL, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 01 C 4385 |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

DOCKETED

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Leo Paschal, currently an inmate at the Federal Correctional Institution at Oxford, Wisconsin, brought this *pro se* action pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671 *et seq.* He claims that while he was a pretrial detainee at the Chicago Metropolitan Correctional Center, he slipped and fell while working in the kitchen due to the government's negligence. Defendants have moved to dismiss Paschal's claim for lack of subject matter jurisdiction.

Paschal alleges that he was held at the MCC while awaiting trial. On April 3, 1999, he volunteered to work in the kitchen. He says that he requested "safety shoes" because of the "consistent wetness of the kitchen floor," but the officer in charge told him he could not obtain the shoes because it was a Saturday. Paschal worked that day without incident. On April 9, Paschal again worked in the kitchen; asked the officer in charge for safety shoes; was unable to obtain them because the clothing room was closed; and completed his work without incident. On April 10, Paschal returned to work, again wearing his own shoes. He was asked to squeegee the wet spots on the floor. While doing this, his shoes became wet, he lost his balance, and he fell. The officer on duty requested medical attention. Two hours later, Paschal was seen by a

physician's assistant who diagnosed with him back and shoulder injuries. Paschal says that has seen numerous doctors for his injuries since that time and claims that he has medical bills, though it is unclear what (if any) part of these was not covered by the Bureau of Prisons. He seeks to recover $300,000 for his injuries.

Paschal submitted an administrative tort claim to the Bureau of Prisons in July 2000. He did not receive a response within six months and filed the present suit under the FTCA in June 2001. The United States has moved to dismiss, arguing that Paschal's sole remedy is under the Inmate Compensation Act, 18 U.S.C. §4126, and that he cannot bring a claim under the FTCA.

The ICA provides a fund for "paying, under rules and regulations promulgated by the Attorney General, compensation to inmates employed in any industry, or performing outstanding services in institutional operations, and compensation to inmates or their dependents for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. §4126(c). The Supreme Court has held that the existence of the remedy provided by the ICA and its governing regulations precludes a claim under the FTCA by a person covered by the ICA's terms. *United States v. Demko*, 385 U.S. 149 (1966). Paschal argues that the ICA applies only to convicted prisoners and not to pretrial detainees, but the regulations promulgated under the statute refer to "pretrial inmate[s]," 28 C.F.R. §301.102(b)(1), indicating that the term is in fact broad enough to cover a pretrial detainee. *See also* 28 C.F.R. §500.100 (holding that Bureau of Prisons policies applicable to convicted persons also apply to pretrial detainees). Thus, because an administrative remedy exists to compensate Paschal for his injuries, his FTCA claim is barred.

Paschal has sought leave to amend his complaint to convert it to a *Bivens* action, that is, a

2

claim brought directly against federal officers under the Constitution on the authority of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The ICA does not preclude a *Bivens* action. *Bagola v. Kindt*, 131 F.3d 632 (7th Cir. 1997). However, a two year statute of limitations applies to *Bivens* claims arising in Illinois, *see Delgado-Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir. 1996), and even if the proposed amendment related back to the date Paschal filed this suit, that would do him no good, as his original complaint was mailed to the Clerk on June 7, 2001, more than two years after his injury. Because Paschal's putative *Bivens* claim would be time-barred, the Court denies him leave to amend.

Finally, in responding to the motion to dismiss, Paschal argued that requiring him to work without safety shoes amounted to involuntary servitude in violation of the Thirteenth Amendment and that he was wrongfully disciplined for refusing to work without safety shoes. The purported involuntary servitude claim is without merit, as Paschal has conceded that pretrial detainees at the MCC are given jobs only if they volunteer, and that he himself volunteered. The purported wrongful discipline claim is barred because Paschal has failed to allege that he exhausted Bureau of Prisons administrative remedies before trying to bring that claim to court.

## Conclusion

For the reasons stated above, the Court grants defendant's motion to dismiss [docket item 13-1] and denies plaintiff's motion for leave to amend [item 15-1]. The Clerk is directed to enter judgment dismissing the case for lack of subject matter jurisdiction.

Date: February 16, 2002

MATTHEW F. KENNELLY
United States District Judge

3